STACY TOLCHIN (SBN 217431)
Stacy@tolchinimmigration.com
MEGAN BREWER (SBN 268248)
Megan@tolchinimmigration.com
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: (213) 622-7450
Fax: (213) 622-7233

Counsel for Plaintiff

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Syad SHAHNOWAZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY; CUSTOMS AND BORDER PROTECTION, an agency of the Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES an agency of the Department of Homeland Security.<br><br>    Defendant. | Case No. _____<br><br>**Complaint Under the Freedom of Information Act** |

# INTRODUCTION

1. Plaintiff Syad Shahnowaz is a native of Bangladesh who is married to a United States citizen.

2. He requires documentation of his lawful entry into the United States.

3. Plaintiff filed requests for records under the Freedom of Information Act (FOIA) with Defendants United States Citizenship and Immigration Services (USCIS) and Customs and Border Protection (CBP), and Defendants have not issued their responses within 20 business days, in violation of FOIA.

4. There is a public interest in compelling a federal agency to comply with FOIA requirements, particularly in a setting where denial of the information has an adverse impact on the plaintiffs' ability to protect their interests in their immigration matters. See Mayock v. I.N.S., 736 F. Supp. 1561, 1564 (N.D. Cal. 1990). Compelling compliance with FOIA works to preserve the legitimacy and integrity of immigration process. See Gahagan v. United States Customs & Border Prot., No. CV 14-2619, 2016 WL 3090216, at *10 (E.D. La. June 2, 2016).

# JURISDICTION AND VENUE

5. This Court has jurisdiction under the FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. §§ 1331 (federal question).

6. The Freedom of Information Act provides for an original action in district court if an agency fails to issue a determination to a request within 20 business days. "If the agency does not make a 'determination' within the relevant

statutory time period, the requester may file suit without exhausting administrative appeal remedies." Brown v. U.S. Customs & Border Prot., 132 F. Supp. 3d 1170, 1172 (N.D. Cal. 2015) citing Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n, 711 F.3d 180, 185 (D.C.Cir.2013).

7. Venue is proper under 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are federal agencies; because Plaintiff resides in this judicial district; and there is no real property involved in this action.

## PARTIES

8. Plaintiff Syad Shahnowaz is a native of Bangladesh who resides in Valley Village, CA.

9. Defendant Department of Homeland Security is a federal agency responsible for, among other things, regulating the entry of noncitizens into the United States and maintaining immigration records. Defendant CBP is an agency within the Department of Homeland Security and is the authority that physically brought Plaintiff into the United States through the San Francisco, California port of entry. CBP is responsible for issuing parole documentation.

10. Defendant USCIS is an agency within the Department of Homeland Security and is responsible for maintaining DHS immigration records.

## FACTUAL ALLEGATIONS

11. Plaintiff is a native of Bangladesh.

12. On December 12, 2003, Plaintiff presented himself to Defendant CBP

at the San Francisco, California port of entry.

13. While Plaintiff lacked valid documents to enter the United States, Defendant CBP paroled him into the United States to serve as a witness in a criminal case against another individual.

14. Defendant DHS also determined that Plaintiff had a credible fear of persecution if returned to Bangladesh and placed him in immigration proceedings to decide whether he could remain in the United States permanently. Defendant CBP physically brought Plaintiff into the United States for his legal proceedings.

15. Plaintiff was never given any documentation from CBP confirming his parole into the United States.

16. Plaintiff was placed into removal proceedings and charged as an "arriving alien" who presented himself at a port of entry seeking admission.

17. Plaintiff requires proof of having entered the United States lawfully for purposes of future immigration applications and in defense of immigration enforcement actions. See 8 U.S.C. § 1255(a) (adjustment of status eligibility requires evidence of having entered with parole or admission).

18. Plaintiff did not enter the United States without inspection, as he was inspected by immigration officials at the port of entry in San Francisco, California.

19. Plaintiff did not enter the United States with "admission," as he had no legal claim to enter the United States beyond seeking asylum.

20. Plaintiff must have been paroled into the United States because he

presented himself for inspection and admission at the San Francisco port of entry, presented a credible fear of persecution, and was physically brought into the United States by CBP.

21. Plaintiff filed a Freedom of Information Act requests Defendant USCIS on January 23, 2025, and was assigned receipt number NRC2025051616REQ. No response has been issued.

22. Plaintiff filed a Freedom of Information Act request with Defendant CBP on January 23, 2025, and was assigned receipt number CBP-FO-2025-053912. No response has been issued.

23. More than 20 business days have elapsed since the submission of Plaintiff's FOIA requests to USCIS and CBP.

## CAUSE OF ACTION
## COUNT ONE

(Freedom of Information Act)

24. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

25. Defendants have unlawfully withheld records requested by Plaintiff pursuant to 5 U.S.C. § 552.

26. An agency is required to issue a determination in response to a FOIA request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

27. Defendants have violated the FOIA statute because more than twenty business days have elapsed since Plaintiff's FOIA requests without a determination.

28. Delay by an agency in responding to a FOIA request is tantamount to a denial. <u>Gilmore v. U.S. Dep't of Energy</u>, 33 F.Supp.2d 1184, 1187 (N.D.Cal.1998).

29. An agency's "failure to respond to a FOIA request within the statutory time limits violates FOIA and allows the aggrieved party to sue." <u>Brown v. U.S. Customs & Border Prot.</u>, 132 F. Supp. 3d 1170, 1173 (N.D. Cal. 2015).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to produce the records requested by Plaintiff;

(3) Award reasonable costs and attorneys' fees; and

(4) Grant such further relief as the Court deems just and proper.

Dated: March 5, 2025                 Respectfully submitted,

By: *S/Megan Brewer*
STACY TOLCHIN (SBN 217431)
*Stacy@tolchinimmigration.com*
MEGAN BREWER (SBN 268248)

5

*Megan@tolchinimmigration.com*
LAW OFFICES OF STACY TOLCHIN
776 E. Green St., Suite 210
Pasadena, CA 91101
Tel: (213) 622-7450
Fax: (213) 622-7233

Counsel for Plaintiff